IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICE PERRY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| v. | : | No. 2:11-cv-27 |
| CAPITAL ONE, | : | |
|     Defendant. | : | |

**Goldberg, J.**                                                                                           February 29, 2012

**Memorandum Opinion**

Plaintiff filed this action in Philadelphia Court of Common Pleas on December 8, 2010, asserting claims under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa.C.S. § 2270, et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. § 201.  Defendant removed the case to this Court on January 4, 2011.  Presently before the Court is Defendant Capital One's Motion for Partial Summary Judgment requesting an order that Plaintiff's recovery is limited to statutory damages.  Plaintiff has also filed a Motion for Leave to File an Amended Complaint.  For the reasons set forth below, Defendant's motion will be granted, and Plaintiff's motion denied.

**I.      Background**

Plaintiff claims that, beginning in May 2009, Defendant, Capital One, began contacting her to seek payment on a debt of over $3000.  (Compl., ¶¶ 12-16; Perry Dep., Doc. No. 19-1, p. 16.) Plaintiff received the first letter on May 8, 2009, which sought a payment of $3,845.90 on an alleged

balance of $4,807.36. (Perry Aff., Doc. No. 25-2, ¶ 5.) In response, Plaintiff submitted a $111.00 payment on May 30, 2009, and her attorney sent a letter on June 1, 2009, instructing Capital One to direct all further contact to his attention. (*Id.*, ¶¶ 7-8.) Plaintiff asserts that, despite this instruction, and another letter from her attorney to the same effect on July 29, 2009, Capital One sent letters and placed telephone calls directly to Plaintiff throughout June, July and August 2009. (*Id.*, ¶¶ 9-15.) Each subsequent letter reflected a slightly increased balance, and requested payment from Plaintiff toward the balance.

The final letter from Capital One, sent on August 25, 2009, reflected an "outstanding balance of $286,651,237.00." (*Id.*, ¶¶ 16-18; Compl. Ex. F.) These numerical digits are identical to Plaintiff's internal customer number. (Def.'s State. of Facts, ¶ 11.) The letter warned that if Plaintiff did not call to make arrangements to pay the debt, "legal action may be initiated without further notice." (Perry Aff., ¶¶ 17-18; Compl. Ex. F.) When Plaintiff did not contact Capital One about the debt, it filed a collection lawsuit against her seeking payment of $5,441.06. (*Id.*, ¶¶ 21-22.) However, Capital One failed to appear at a hearing on April 13, 2010, and a judgment was entered in Plaintiff's favor. (*Id.*, ¶¶ 24-25.)

## II. Defendant's Motion for Summary Judgment

### A. Legal Standard

In reviewing a motion for summary judgment, the court "must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences therefrom in that party's favor." *N.J. Transit Corp. v. Harsco Corp.*, 497 F.3d 323, 326 (3d Cir. 2007). Summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden on

the party seeking summary judgment is to point to evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the moving party carries this initial burden, 'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial' and do more than 'simply show that there is some metaphysical doubt as to the material facts.'" U.S. v. Donovan, 661 F.3d 174, 185 (3d Cir. 2011) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010).

**B. Discussion**

Defendant has moved for partial summary judgment, asserting that Plaintiff has failed to produce sufficient evidence to create a genuine issue of material fact as to whether she is entitled to more than statutory damages. Under the damages provision of the UTPCPL, a Plaintiff who has suffered an "ascertainable loss of money or property" as a result of unlawful debt collection practices is entitled to "recover actual damages or one hundred dollars ($100), whichever is greater." 73 Pa.C.S. § 201-9.2.[1] Defendant asserts that Plaintiff's only evidence of an actual loss is sixty dollars ($60) expended for doctor's visits related to anxiety and headaches allegedly caused by Defendant's conduct.

Plaintiff, however, claims that she is entitled to recover damages in the amount of the $286,651,237.00 demanded in the letter sent on August 25, 2009, as well as the $111.00 she paid

---

[1] As the parties agree, the FCEUA incorporates the damages provision of the UTPCPL. 73 Pa. C.S. § 2270.5(a).

3

toward the account balance on May 30, 2009. Additionally, she alleges that Defendant's conduct has caused her creditors to become insecure, has harmed her employment prospects, and damaged her ability to refinance her mortgage. Finally, Plaintiff claims that the stress caused by Defendant's conduct required additional medication from her doctor for which Defendant is liable.

Plaintiff's argument that the $286 Million balance erroneously listed in Defendant's letter represents "actual damages" is so absurd that it merits little discussion. By Plaintiff's logic, her damages would depend largely on random chance, calculated based upon the digits that comprise her internal customer number and were erroneously listed as her balance in one letter sent by the Defendant. This interpretation is plainly contrary to the meaning of "actual damages," which are awarded "to compensate for a proven injury or loss." Black's Law Dictionary (9th ed. 2009). There is simply no evidence whatsoever that Plaintiff suffered a loss of $286 Million merely by having received a letter from Capital One reflecting such a balance. Indeed, Plaintiff admits that she never paid anything in response to the letter. (Perry Dep., p. 69.)

Nor has Plaintiff produced sufficient evidence to create a genuine issue of fact regarding her entitlement to the $111.00 paid toward her account balance on May 30, 2009. While this amount may constitute a "loss," the UTPCPL compensates plaintiffs only for those losses suffered "as a result" of the unlawful practices of the Defendant. 73 Pa.C.S. § 201-9.2. The payment identified by Plaintiff was made prior to any of the alleged unlawful conduct by the Defendant. Indeed, Plaintiff's evidence suggests that Defendant had sent only one letter prior to the payment. (Compl., Ex. A.) Further, at that point in time, Plaintiff's attorney had not yet instructed Defendant to direct correspondence regarding the account to him, rather than to Plaintiff herself. (Id., ¶ 17.) Because Defendant's alleged unlawful conduct occurred after Plaintiff's payment, it cannot reasonably be said

that the payment was made "as a result" of Defendant's conduct.

Finally, except for visits to her doctor, Plaintiff has not produced any evidence of other losses. While she claims to have needed additional medication as a result of Defendant's conduct, she has failed to support that claim with deposition testimony, affidavits, receipts or other evidence to indicate the cost of her medication. (Pl.'s State of Facts, ¶¶ 15-16.) Similarly, there is no evidence suggesting that Plaintiff suffered any losses relating to the security of creditors, her employment or her ability to refinance her mortgage. Indeed, Plaintiff admits that she has not applied for any credit, lost pay or actively sought employment, or attempted a home refinancing since the events described in the complaint. (Pl.'s Resp. to Def.'s State. of Facts, ¶¶ 35-38, 43-46.) Instead, Plaintiff asks the Court to assume a negative impact upon her credit and ability to refinance her home based only upon unidentified deposition testimony that Capital One had not removed Plaintiff's balance "from its books." (Pl.'s Resp., at 14.) With regard to her employment, Plaintiff asserts that, although she has not lost any pay or hours, she was reprimanded for receiving telephone calls at work, which could theoretically affect her performance review or chances for promotion. (Id., p. 15.)

These speculative allegations are insufficient to carry Plaintiff's burden at summary judgment. Rather, to raise a genuine issue of material fact, Plaintiff must support those allegations with evidence in the record which support a reasonable inference in her favor. Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). Without evidentiary support, such a finding by a jury would instead be based solely upon speculation and conjecture.

The remaining potential damages relate to Plaintiff's visits to her doctor. The only evidence regarding these expenses is Plaintiff's deposition testimony, which indicates that those visits cost

her sixty dollars in total. (Perry Dep., p. 53.) Therefore, Plaintiff has not produced sufficient evidence to support a reasonable inference that she has suffered more than one hundred dollars in actual damages, and her recovery is limited to statutory damages.

### III.     Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff has also sought leave to amend her complaint to include forty paragraphs of additional factual allegations regarding Defendant's conduct as well as a claim for punitive damages. Federal Rule of Civil Procedure 15(a) provides that "courts should freely give leave [to amend] when justice so requires." However, for the following reasons, justice does not require the amendments Plaintiff wishes to include in her complaint.

The damages provision of the UTPCPL, which the FCEUA incorporates, provides that "no punitive damages other than the discretionary authority to treble is permitted." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 401 (3d Cir. 2004) (citing McCauslin v. Reliance Finance Co., 751 A.2d 683, 686 (Pa. Super. 2000)). Allowing an amendment to Plaintiff's complaint to include such a claim would be futile.

With regard to the additional factual allegations Plaintiff wishes to include, they are unnecessary. These allegations do not claim any new violations of law, but seek only to more fully explain the violations already alleged. (Pl.'s Mot., Doc. No. 20-1, at 8.) As such, they are not needed and would serve only to weigh down Plaintiff's complaint with an unduly detailed recitation of her factual allegations. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) ("Plaintiffs need not lard their complaints with facts; the federal system uses notice pleading rather than fact pleading.") (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to

relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'")).

**IV.   Conclusion**

For the reasons stated above, Plaintiff has failed to produce sufficient evidence to allow a reasonable finder of fact to award her damages in excess of the one hundred dollars in statutory damages provided by the UTPCPL.  Accordingly, Defendant's motion for partial summary judgment will be granted.  Further, the amendments Plaintiff seeks to make to her complaint are either frivolous or unnecessary.  As such, justice does not require that she be given leave to make those amendments.

Our order follows.